FILED

NOT FOR PUBLICATION

FEB 22 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT L. YOUNG, | No. 09-15054 |
| Plaintiff - Appellant, | D.C. No. 4:07-cv-05711-SBA |
| v. | |
| ILLINOIS UNION INSURANCE COMPANY; ACE WESTCHESTER SPECIALTY CLAIMS, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted February 9, 2010
San Francisco, California

Before: NOONAN, BERZON and IKUTA, Circuit Judges.

The district court properly determined that no potential for coverage was

available to Young under the Directors and Officers Coverage Section of the

insurance policy issued to TRI by Illinois Union ("the Policy"). Exclusion q

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

excludes all claims "based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way relating to any act, error or omission in connection with performance of any professional service." California courts, and this court applying California law, have interpreted similar language broadly. *See, e.g.*, *Cont'l Cas. Co. v. City of Richmond*, 763 F.2d 1076, 1080–81 (9th Cir. 1985). The allegations brought against Young by Raybern plainly "arise out of" or "relat[e] to" Young's provision of services as an attorney for Raybern. Accordingly, there is no potential for coverage of these claims, and the district court properly granted summary judgment to Illinois Union.

The district court also properly determined that no coverage was available to Young under the Employment Practices Coverage Section of the Policy. No potential for coverage existed for claims brought by TRI against Young, because this section of the policy covers only claims brought by an "Employee," and TRI is not an "Employee" as defined in section 7. Likewise, no potential for coverage exists for claims brought by Fults against Young. "[A]n insurer has a duty to defend an insured if it becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 19 (1995). Here, the pertinent complaint did not indicate that Fults "perform[ed] work or service solely for or on behalf of" TRI, but rather indicated that Fults "held himself out as president of Keystone

Financial, a different corporation than TRI," and also referenced the existence of "various business entities owned and/or controlled by Fults." Raybern Complaint ¶¶ 2–3. Nor does the record otherwise reflect that Illinois Union knew Fults performed work or services solely for or on behalf of TRI. *See Upper Deck Co. v. Fed. Ins. Co.*, 358 F.3d 608, 613 (9th Cir. 2004). In the absence of facts giving rise to the potential that Fults was an "Employee" as defined in section 7, Illinois Union did not breach its duty to defend.

**AFFIRMED.**